NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEAN ELLERY ROSBAUGH, *Appellant.*

No. 1 CA-CR 14-0726
FILED 6-16-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201300519
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

**W I N T H R O P**, Judge:

**¶1**　　　　Dean Ellery Rosbaugh ("Appellant") appeals the trial court's finding that he violated conditions of his probation and the subsequent reinstatement and extension of his probation. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record on appeal and found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental, reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

**¶2**　　　　We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY[2]

**¶3**　　　　On April 25, 2013, a grand jury issued an indictment, charging Appellant with one count of theft of means of transportation, a class three felony, and one count of conducting a chop shop, a class two felony. Pursuant to a plea agreement, Appellant pled guilty to theft of means of transportation, and the State dismissed the charge of conducting a chop shop. On December 20, 2013, the trial court suspended sentencing and

---

[1]　　We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]　　We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

placed Appellant on three years' probation. That same day, Appellant signed the "Uniform Conditions of Supervised Probation" and "Special Conditions of Probation," acknowledging the specific conditions of his probation.

¶4          On July 9, 2014, Adult Probation Officer ("APO") Blanco filed a petition to revoke Appellant's probation, alleging Appellant had violated conditions 11 and 12 of his probation. Condition 11 required Appellant to "participate and cooperate in any program of counseling or assistance as determined by the [Adult Probation Department]." Condition 12 prohibited Appellant from using or possessing "illegal drugs or controlled substances" and required Appellant to "submit to drug and alcohol testing as directed by the [Adult Probation Department]."

¶5          At the probation violation hearing, APO Blanco testified Appellant had violated the conditions of his probation, including twice testing positive for methamphetamine, failing to comply with required urinalysis testing, and failing to comply with the terms of his intensive outpatient counselling agreement. Appellant did not testify at the hearing. The trial court found Appellant had violated conditions 11 and 12 of his probation. On September 30, 2014, the trial court reinstated Appellant's probation, extended the probationary period until September 4, 2017, and ordered that Appellant serve 120 days in jail as a condition of his probation. Appellant timely appealed.

## ANALYSIS

¶6          We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at the violation of probation hearing was substantial and supported the court's decision to reinstate and extend Appellant's probation. Appellant was represented by counsel at all stages of the proceedings and gave a statement at the disposition hearing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶7          After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has

thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶8**      The trial court's orders finding that Appellant violated his probation, and reinstating and extending Appellant's probation, are affirmed.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama